# WORK, SECRETARY OF THE INTERIOR, *v.* UNITED STATES EX REL. CHESTATEE PYRITES & CHEMICAL CORPORATION.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 401. Argued November 26, 1924.—Decided March 2, 1925.

1. Where the answer of an officer to a petition for a mandamus shows clearly that the claim sought to be enforced was considered and denied by him, the writ, if granted on demurrer to the answer, can not be sustained as merely requiring that he take jurisdiction to decide the claim. See P. 186.

2. Under § 5 of the Dent Act, a decision of the Secretary of the Interior that interest paid on capital borrowed is not part of the net losses incurred by a claimant for and in the production of mineral, is a discretionary decision not reviewable by mandamus. *Work* v. *Rives, ante,* p. 175. P. 187.

54 App. D. C. 380; 298 Fed. 839, reversed.

APPEAL from a judgment in the Court of Appeals of the District of Columbia which affirmed a judgment of the Supreme Court of the District, in mandamus, re-

quiring the Secretary of the Interior to consider and allow a claim for interest, under the Dent Act.

*Mr. Merrill E. Otis*, Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for appellant.

*Mr. Edgar Watkins*, with whom *Mr. Hoke Smith* and *Mr. Mac Asbill* were on the brief, for appellee.

Mr. Chief Justice Taft delivered the opinion of the Court.

This is an appeal under section 250 of the Judicial Code, par. 6, from a writ of mandamus compelling the Secretary of the Interior to consider and allow a claim of the Chestatee Pyrites & Chemical Corporation, under section 5 of the Dent Act. It presents questions very similar to those heard in *Work* v. *United States ex rel. Rives*, just decided, *ante*, p. 175.

The relator owned a pyrites mine before the war. In compliance with the request of the Government to enlarge its plant to meet the war necessities, it borrowed the sum of $695,000, on which it obligated itself to pay interest at the rate of 6 per cent. per annum. After three hearings before the Secretary of the Interior, it was awarded $693,-313.79. In making the award the item of interest claimed of more than $40,000 on the amount borrowed was disallowed. The mandamus herein issued to compel the consideration and allowance of this interest.

It is sought in this case, as it was in the *Rives Case*, to avoid the objection that the mandamus would control and restrict the statutory discretion vested in the Secretary by the averment that he had not taken jurisdiction of the claim for interest and had not considered it. This case, like the *Rives Case*, was heard on demurrer to the answer, and the answer shows clearly that the claim for

interest was fully considered by two Secretaries of the Interior and denied.

The only issue is whether the Secretary had discretion under section 5 finally to determine whether interest paid upon the capital borrowed is to be considered as part of the net losses incurred by the relator in preparing for and producing the pyrites. We think he had.

Great reliance was placed by the courts below on the ruling of this Court in *United States* v. *New York,* 160 U. S. 598. That was an appeal from a decision of the Court of Claims in a case brought by the State of New York against the United States under a statute of the United States, by which the Secretary of the Treasury was directed to pay out of any money in the Treasury not otherwise appropriated, to the Governor of any State, the costs, charges and expenses properly incurred by such State for enrolling, subsisting, clothing, supplying, arming, equipping, paying and transporting its troops employed in aiding to suppress the insurrection against the United States. It was held that the State could recover interest on the bonds issued by it to do the things provided for in the Act.

The Act did not vest in the Secretary of the Treasury discretion finally to decide the extent of the indebtedness, and the claim was duly transferred to the Court of Claims in order that a judgment might be rendered thereon. The judgment was carried to this Court. The issue, therefore, was merely a question of law whether under the statute interest was payable, and it was held that it was.

The circumstances of the case were different from this, and it is doubtful whether the conclusion as to interest in such case would be applicable to the claim made by the relator, even if we could hear it on its merits. But it is not here on its merits. The question was one for the Secretary of the Interior to decide, and that finally.

*Reversed.*