UNITED STATES ex rel. JARMAN v. WORK, Secretary of the Interior.

(Court of Appeals of District of Columbia. Submitted December 8, 1925. Decided January 4, 1926. Petition for Rehearing Denied January 16, 1926.)

No. 4366.

1. Mandamus ⬅⮕101—Duties of Secretary of the Interior under War Minerals Relief Act, or construction thereof, are discretionary, and cannot be controlled by mandamus (Act March 2, 1919, § 5, amended by Act Nov. 23, 1921 [Comp. St. Ann. Supp. 1923, § 3115¹⁴/₁₅e]).

Duties of Secretary of the Interior, imposed by War Minerals Relief Act March 2, 1919, § 5, as amended by Act Nov. 23, 1921 (Comp, St. Ann. Supp. 1923, § 3115¹⁴/₁₅e), are purely discretionary, and his construction of that act in connection with its execution is also discretionary, and cannot be controlled by mandamus.

2. Mandamus ⬅⮕101—Determination by Secretary of the Interior that he could not consider claims under War Minerals Relief Act held conclusive adverse discretionary action, not controllable by mandamus (Act March 2, 1919, § 5, amended by Act Nov. 23, 1921 [Comp. St. Ann. Supp. 1923, § 3115¹⁴/₁₅e]).

Under War Minerals Relief Act March 2, 1919, § 5, as amended by Act Nov. 23, 1921 (Comp. St. Ann. Supp. 1923, § 3115¹⁴/₁₅e), determination of Secretary of the Interior that he was not authorized to consider claims at all was a conclusive exercise of his discretion, not subject to review or control by mandamus.

3. United States ⬅⮕99—Claims under War Minerals Relief Act for post-Armistice losses held not allowable (Act March 2, 1919, § 5 amended by Act Nov. 23, 1921 [Comp. St. Ann. Supp. 1923, § 3115¹⁴/₁₅e]).

Claims under War Minerals Relief Act March 2, 1919, § 5, as amended by Act Nov. 23, 1921 (Comp. St. Ann. Supp. 1923, § 3115¹⁴/₁₅e), for post-Armistice losses, necessitated by obligations incurred prior thereto, held not allowable, in view of provision specifically prohibiting allowance.

Appeal from the Supreme Court of the District of Columbia.

Suit for mandamus by the United States, on the relation of A. H. Jarman, against Hubert Work, Secretary of the Interior.

Judgment for defendant, and plaintiff appeals. Affirmed.

A. H. Jarman, of Washington, D. C., for appellant.

O. H. Graves and D. V. Hunter, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, plaintiff below, filed a petition for a writ of mandamus to compel defendant, Secretary of the Interior, to allow certain claims alleged to be due the plaintiff under War Minerals Relief Act of March 2, 1919, 40 Stat. 1272, § 5, as amended by the Act of November 23, 1921, 42 Stat. 322 (Comp. St. Ann. Supp. 1923, § 3115¹⁴⁄₁₅e).

It appears that during the month of June, 1918, and prior thereto, relator was operating a chrome property in California. It is alleged that the operations were being carried on "by reason of a request by the Department of the Interior that relator engage in such business in order to supply the urgent needs of the nation in the prosecution of the war." It is further alleged that, as a result of said demand for the production of chrome, relator was compelled to erect and operate a concentrating plant, in order to make available for use the low grade ores produced, and that the said concentrating plant was constructed of a size and capacity that would produce between 35 and 40 tons of high-grade chrome concentrates every 24 hours.

It also appears that, after the passage of the War Minerals Relief Act, relator presented his verified claim for losses he had sustained in the production of chrome, in the amount of $138,929.51, and that on November 11, 1920, an award was made on the account, and without prejudice to further claim, in the sum of $70,288.45, and that thereafter, on petition of relator for a rehearing, certain mistakes were corrected, and an additional award was allowed in the sum of $10,526.50. These awards adjusted relator's claim, with the exception of three items of losses as follows: (1) "Losses suffered on the purchase of real property, i. e., the mine which appellant operated in producing chrome, etc.; (2) expenditures as interest on borrowed capital; (3) post-Armistice losses to said expenditures after November 11, 1918, necessitated by obligations incurred prior thereto, and otherwise within the limitations of the act."

Counsel for the Secretary answered the petition, to which relator filed a replication, traversing the answer. Respondent demurred to the replication, and the lower court sustained the demurrer. Relator elected to stand on his pleadings. Thereupon judgment was entered in favor of respondent. From the judgment this appeal was taken.

[1, 2] We think it unnecessary to enter into a detailed discussion of the pleadings in this case, since the case falls clearly within the decisions of the Supreme Court in Work v. Rives, 45 S. Ct. 252, 267 U. S. 175, 69 L. Ed. 561, and Work v. Chestatee Co., 45 S. Ct. 256, 267 U. S. 185, 69 L. Ed. 566. In these cases the court held that the duties imposed upon the Secretary of the Interior, by the War Minerals Relief Act, were purely discretionary, since the statute merely grants gratuities based upon equitable and moral considerations. In such a case, where the duty falls upon the Secretary to construe the statute in connection with its execution, his construction is likewise a discretionary act, which cannot be controlled by a writ of mandamus.

It is urged, however, that these cases are not analogous to the case at bar, since the decisions there turned upon the effect of a demurrer to the answer, admitting that the Secretary had "decided * * * on its merits, the claim was not for the kind of loss which Congress intended the Secretary to reimburse." Page 185 (45 S. Ct. 255). The present case was determined in the court below upon a demurrer to relator's replication. An examination in the pleadings, however, discloses that, while it is averred in the replication that the Secretary refused to pass upon the merits of relator's claim, the relator does aver in his replication "that all that was ever done by said war minerals relief commission or the Secretary of the Interior, was to consider the Act of March 2, 1919, and its amendments, and determine, as a matter of law, that such items were under no circumstances allowable items of loss under the law, and in this respect relator avers that Secretary Work has expressed the true situation respecting these items of loss as follows: 'We never considered either question, except to consider the statute to determine that we were not authorized to consider them at all.' "

This was undoubtedly a determination by the Secretary of his authority to allow or disallow relator's claim under his construction of the statute, which brings the case, we think, clearly within the holding of the court in the Rives and Chestatee Cases. The court in the Rives Case specifically

held that in a claim for the purchase price of real estate under the act, where the Secretary disallowed it, for the reason that the act, according to his interpretation, did not constitute a part of the "net loss," such a determination was within the discretion of the Secretary, and accordingly final. The same rule was applied in the decision in the Chestatee Case to the ruling of the Secretary on a claim for interest on money borrowed by a claimant to meet war necessities. These decisions, we think, foreclose relator's right to have the action of the Secretary reviewed, or in any particular controlled, by mandamus.

[3] As to the post-Armistice losses claimed by relator, section 5 of the act specifically prohibits the allowance of any claim for loss incurred after November 12, 1918, the date of the signing of the Armistice.

It would seem, therefore, that, in view of the rulings of the Supreme Court in the Rives and Chestatee Cases, the action of the Secretary in disallowing relator's claims is final and conclusive, and is not subject to review, modification, or control by the courts.

The judgment is affirmed, with costs.