**WORK, Secretary of the Interior, v. CRIMORA MANGANESE CORPORATION.**

**SAME v. UNITED CHEMICAL & INDUSTRIAL COS.**

(Court of Appeals of District of Columbia. Submitted October 12, 1926. Decided December 6, 1926.)

Nos. 4440, 4441.

United States ⊂⊃115—Awards of Secretary of the Interior under War Minerals Relief Act held not arbitrary, nor subject to judicial review (War Minerals Relief Act, as amended by Act Nov. 23, 1921 [Comp. St. §§ 3115¹⁴/₁₅e, 3115¹⁴/₁₅ee]).

Awards of Secretary of the Interior to manganese corporation and chemical companies under War Minerals Relief Act, as amended by Act Nov. 23, 1921 (Comp. St. § 3115¹⁴/₁₅e), and Act June 7, 1924 (Comp. St. § 3115¹⁴/₁₅ee), *held* not arbitrary or capricious, and hence not subject to judicial review.

Appeal from the Supreme Court of the District of Columbia.

Suits by the Crimora Manganese Corporation and by the United Chemical & Industrial Companies against Hubert Work, as Secretary of the Interior. From decrees overruling motions of defendant to dismiss petitions, defendant appeals. Reversed and remanded.

O. H. Graves, of Washington, D. C., for appellant.

Frank Healy, J. G. Jaeger, S. H. Rourke, and Edmund Burke, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. These appeals are from decrees in the Supreme Court of the District of Columbia overruling motions to dismiss the petitions of appellees for mandatory injunctions.

Appellees filed claims with the Secretary of the Interior under the War Minerals Relief Act of March 2, 1919 (40 Stat. 1272), as amended by Act November 23, 1921 (42 Stat. 322 [Comp. St. § 3115¹⁴/₁₅e]), and Act June 7, 1924 (43 Stat. 634 [Comp. St. § 3115¹⁴/₁₅ee]). The Secretary made awards, and appellees then filed their bills, alleging, in substance, that the decisions were so arbitrary as to constitute an abuse of discretion. In each case the prayer was for a mandatory injunction directing a decision in harmony with the views of the appellees.

It is the contention of appellees that, by the motion to dismiss, appellant has admitted the averments of the bills; but those bills specifically refer to the entire record of the proceedings before the Secretary, including, of course, his decision, and make the same a part of each bill. The motions to dismiss search the record, and therefore, in determining whether the action of the Secretary was arbitrary and capricious, we may consider his decision in each case.

These cases were jointly considered by the Secretary, who found that the Crimora Corporation was the actual producer of manganese ore, and that the United Chemical & Industrial Companies, hereinafter referred to as the Chemical Companies, was a mere holding corporation, owning approximately 89 per cent. of the stock of the Crimora Corporation and 80 per cent. of its outstanding bonds. He therefore made an award of $76,616.37, and, for reasons that do not appear, divided that award between the two companies, giving $56,503.20 to the Chemical Companies and $20,113.17 to the Crimora Corporation. A rehearing was sought and obtained, which resulted in a carefully prepared finding by the Secretary in which he said: "In its operations the Chemical Company was not in the mining business, although interested in the success of the mining business, because its money was invested in the stock and bonds of Crimora. It stood as a creditor of Crimora, assisting Crimora financially to engage in the mining business."

After stating that he had reviewed the entire record of each claim, and weighed all arguments of counsel, both written and oral, the Secretary found "that an adjustment and payment of $14,467 to the Crimora Manganese Corporation, in addition to the award heretofore made and paid to Crimora Manganese Corporation and United Chemical Industrial Companies, is a just, equitable, and complete settlement of the claim of the Crimora Manganese Corporation, and that nothing is due, and no additional sum or award should be made, to the United Chemical & Industrial Companies."

In his decision the Secretary considered a claim of the Crimora Corporation for $170,-000, and found that it originated in a written agreement between that corporation and a Mr. Marshall, wherein Marshall agreed to purchase the output of the Crimora Corporation to June 30, 1919. On December 12, 1918, by another written agreement, the Crimora Corporation released Marshall from his prior contract in consideration of the surrender by him to the corporation of $120,000 in its notes held by him and his payment to the corporation of $50,000 in cash. This $50,-000 advanced by Marshall was used by the Crimora Corporation in the cancellation of

certain obligations. Nothing in the second agreement obligated the Crimora Corporation to repay the $50,000 to Marshall.

In our view, these cases are ruled by the decisions of the Supreme Court of the United States in Work v. Rives, 267 U. S. 175, 45 S. Ct. 252, 69 L. Ed. 561, and Work v. Chestatee, 267 U. S. 185, 45 S. Ct. 256, 69 L. Ed. 566, and our own ruling in Jarman v. Work, 56 App. D. C. 124, 10 F.(2d) 989. The Rives Case involved a claim for money spent to obtain a release from a contract to buy manganese land. The Secretary denied the claim, holding that such an expenditure for real estate or mining rights was not "for or upon" property, within the meaning of the War Minerals Act. The court ruled that this decision was conclusive against the claimant, saying:

"It [the act] vested the Secretary with power to reject all losses, except as he was satisfied that they were just and equitable and it made his decision conclusive and final. Final against whom? Against the claimant. He could not resort to court to review the Secretary's decision. This was expressly forbidden. * * * Congress was occupying toward the proposed beneficiaries of section 5 (Comp. St. § 3115¹⁴/₁₅e) the attitude rather of a benefactor than of a debtor at law. Congress intended the Secretary to act for it, and to construe the meaning of the words used to describe the elements of the net losses to be ascertained, and to give effect to his interpretation without the intervention of the courts."

But, it is urged, the court was dealing with a petition for mandamus in the Rives Case. This contention ignores the scope of the decision which, as we read it, is that a finding of the Secretary, unless arbitrary or capricious, is not subject to judicial review, whatever may be the form of the action.

The further contention is made that the Act of June 7, 1924 (43 Stat. 634 [Comp. St. § 3115¹⁴/₁₅ee]), confers jurisdiction upon the courts to review decisions of the Secretary, this contention being based upon the use of the word "adjudicated" in the act. We cannot accept this view. The act purports to be a mere amendment of the prior act, which specifically provides that the decisions of the Secretary shall be final and conclusive against claimants. When the definite amount appropriated under that act proved inadequate, the amendment under consideration was passed; its sole purpose being to enable the Secretary to "pay adjudicated claims arising under the provisions of the so-called War Minerals Relief Act," by removing the limitation in the

act "on the aggregate amount to be disbursed thereunder." That this was the view of appellee in preparing its bill in the Crimora Case appears from paragraph VIII of that bill, in which it is averred that Congress "made an unlimited appropriation of the public funds for the payment and compensation of all citizens of the United States of net losses, legally adjudicated by the Secretary of the Interior." It is inconceivable that Congress, had it intended such a radical departure from the provisions of the prior act, would not have expressly so provided.

We are of the view that it may not be said that the decision of the Secretary in either case was arbitrary or capricious. The decree in each case is therefore reversed, with costs, and the case remanded for further proceedings.

Reversed and remanded.