UNITED STATES ex rel. CHESTATEE PYRITES & CHEMICAL CORPORATION v. WILBUR, Secretary of the Interior.

No. 5194.

Court of Appeals of District of Columbia.

Argued Oct. 9, 1930.

Decided Feb. 2, 1931.

'Edgar Watkins, of Atlanta, Ga., J. C. Trimble, of Washington, D. C., and Marion Smith, of Atlanta, Ga., for appellant.

O. H. Graves and Victor H. Wallace, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and WHEAT, Chief Justice of the Supreme Court of the District of Columbia.

WHEAT, Acting Associate Justice.

This is an appeal from a judgment of the Supreme Court of the District, denying a petition of the relator for review, pursuant to the Act of February 13, 1929 (chapter 182, 45 Stat. 1166), of the action of the Secretary of the Interior in rejecting a claim filed under section 5 of the Act of March 2, 1919 (chapter 94, 40 Stat. 1272, 1274), commonly called the War Minerals Relief Act, as amended by Act Nov. 23, 1921 (50 USCA § 80 note, p. 92).

The sole question presented is whether interest paid or agreed to be paid by the relator on borrowed money expended in producing or preparing to produce pyrites constitutes a loss which, by the terms of that act, the Secretary should recognize and pay. The court below, affirming the decision of the Secretary, held that it did not, and that ruling is brought here for review by the relator's appeal.

This precise question was before this court in the case of Work v. United States, 54 App. D. C. 380, 298 F. 839, which, on May 5, 1924, decided the question in favor of the relator.

On appeal to the Supreme Court, that judgment was reversed upon the ground that the statute clothed the Secretary of the Interior with complete discretion to determine the question, a discretion not reviewable by the courts. Work v. United States, 267 U. S. 185, 45 S. Ct. 256, 69 L. Ed. 566.

On February 13, 1929, the Act of March 2, 1919, as amended, was further amended so as to provide "That any claimant who has heretofore filed with the Secretary of the Interior within the time and manner provided by existing law a claim under said Acts generally known as the War Minerals Acts (Fortieth Statutes, page 1272, and its amendments) may within one year from the date of the passage and approval hereof petition the

Supreme Court of the District of Columbia to review the final decision of the Secretary of the Interior upon any question of law which has arisen or which may hereafter arise in the adjustment, liquidation, and payment of his claim under said Acts, but the decision of the Secretary of the Interior on all questions of fact shall be conclusive and not subject to review by any court." Act of Feb. 13, 1929, c. 182, § 1, 45 Stat. 1166.

Section 3 of the same act conferred jurisdiction upon the Supreme Court of the District to hear and determine all such suits, subject to a right of appeal by either party to this court, with a further review by the Supreme Court of the United States by certiorari as provided by law and the rules of court.

Pursuant to this act, the relator on February 18, 1929, filed a petition in the Supreme Court of the District, setting forth facts necessary to bring itself within the statute, and asking the court to review the decision of the Secretary of the Interior, and issue a writ of mandamus directing him to take jurisdiction of the claim and to adjust and pay relator's net losses, consisting of interest paid on borrowed money and obligations incurred to pay further interest thereon. The Secretary answered the petition, and to that answer the relator demurred. The pleadings were so drawn as to present squarely that single issue of law, a decision of which, we are led to believe, is desired and sought by both parties.

When the question was before us before, it was fully presented and carefully considered. The language of the statute was that those bringing themselves within the other provisions of the statute "shall be reimbursed such net losses as they may have incurred and are in justice and equity entitled to from the appropriation in said Act." Construing this language, we said: "Being, therefore, an element of the expenses incurred, we think that in equity and justice the interest paid or obligated to be paid in this case should be allowed." Work v. United States, 54 App. D. C. 380, 383, 298 F. 839, 842.

We see no reason for now taking a different attitude toward the question. The reversal by the Supreme Court was not upon the ground that our decision had construed the statute erroneously, but upon the ground that we had no jurisdiction to review the construction placed upon it by the Secretary.

It is urged by respondent that the Act of February 13, 1929, does not alter the provision of the preceding War Minerals Act; that at the time the 1929 act was under consideration, Congress knew that the Secretary of the Interior had always construed section 5 of the Act of March 2, 1919, as amended, as excluding from its benefits interest paid upon borrowed money, and that for approximately 10 years the Secretary of the Interior had acted upon that construction of the act; that as far back as 1922, Secretary Fall had invited the correction of Congress in case his conclusion with respect to interest was wrong; that during the four years since the decision of the Supreme Court of the United States, Congress had remained silent; and that the Act of February 13, 1929, is silent with respect to interest. Such being the sequence of events, it is argued that, if Congress disagreed with the construction placed upon the act by the Secretary, "nothing could have been easier than for it to have said so."

It is equally clear, however, that, if Congress had agreed with the construction placed upon the act by the Secretary, nothing could have been easier than for it to have said nothing whatsoever. Instead of doing so, it conferred jurisdiction upon the same court which theretofore, in the exercise of its supposed jurisdiction, had decided the question contrary to the decision of the Secretary. The inference that Congress approved of the decision of the court is at least as strong as the inference that it approved of the decisions of the Secretary. Whereas his decisions had theretofore been final and conclusive, they now became reviewable by the same court, which had theretofore pronounced them erroneous. We can see no purpose in the act other than to give the court power to decide the question. If that was not its purpose, then the statute is meaningless.

Feeling, as we do, that our former decision was correct, it follows that the judgment appealed from must be reversed, and the cause is remanded for further proceedings not inconsistent herewith.