**UNITED STATES ex rel. CHESTATEE PY-RITES & CHEMICAL CORPORATION v. WILBUR, Secretary of the Interior.**

**No. 5760.**

Court of Appeals of the District of Columbia.

Argued Oct. 31, 1932.

Decided Dec. 12, 1932.

Edgar Watkins and Marion Smith, both of Atlanta, Ga., for appellant.

O. H. Graves, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This case was brought in the Supreme Court of the District of Columbia under the Act of February 13, 1929 (45 Stat. 1166), to obtain a review of certain questions of law decided by the Secretary of the Interior and involved in petitioner's original claim for losses sustained in producing or preparing to produce war minerals.

On March 5, 1919, relator company filed with the Secretary of the Interior a claim for losses occasioned through expenditures it had made for the production of pyrites under the conditions specified in section 5 of the Act of March 2, 1919 (40 Stat. 1272 [50 USCA § 80 note]). The claim included items of interest on money borrowed, expended in the enterprise, and lost by the plaintiff. The Secretary held that the statute prohibited any award on account of interest and disallowed that part of the claim.

The question of the right to recover interest was presented to this court in the case of Work v. United States, 54 App. D. C. 380, 298 F. 839, and was decided in favor of the relator. The judgment was reversed in the Supreme Court, Work v. United States, 267 U. S. 185, 45 S. Ct. 256, 69 L. Ed. 566, on the ground that the statute clothed the Secretary of the Interior with full discretion to determine the rights involved, a discretion not reviewable by the courts.

This seems to have led to the passage of the Act of February 13, 1929, amending the 1919 act, which provides as follows: "That any claimant who has heretofore filed with the Secretary of the Interior within the time and manner provided by existing law a claim under said Acts generally known as the War Minerals Acts (Fortieth Statutes, page 1272, and its amendments) may within one year from the date of the passage and approval

hereof petition the Supreme Court of the District of Columbia to review the final decision of the Secretary of the Interior upon any question of law which has arisen or which may hereafter arise in the adjustment, liquidation, and payment of his claim under said Acts, but the decision of the Secretary of the Interior on all questions of fact shall be conclusive and not subject to review by any court."

Following the passage of the 1929 act, relator company brought a suit in the Supreme Court of the District for mandamus to compel the Secretary to take jurisdiction and allow its claim for interest. The court held that the Secretary had properly construed the statute and dismissed the petition. This court on appeal reversed the lower court [60 App. D. C. 62, 47 F.(2d) 424] holding that interest should be allowed. This holding was affirmed by the Supreme Court of the United States. 284 U. S. 231, 237, 52 S. Ct. 113, 115, 76 L. Ed. 261. The court ordered that the case be remanded to the Supreme Court of the District of Columbia with direction that it award a writ of mandamus "requiring the Secretary of the Interior to proceed to an examination and adjustment of the claim in question conformably to the statutes as here construed." A judgment to this effect was entered in the Supreme Court and the writ of mandamus issued.

The Secretary of the Interior proceeded to carry out the order of the court, but held upon the advice of the Solicitor for the Department of the Interior and the Attorney General that the right to recover interest paid or incurred was limited to the date of the passage of the Act of March 2, 1919, and that interest paid subsequent to that date on obligations incurred prior thereto could not be recovered. Whereupon petitioner instituted the present suit to compel the Secretary of the Interior to comply with the decree theretofore entered in this case and to compel him, as required by the fourth section of the act of 1929, to make final adjustment of the claim "in accordance with the law as construed by the court."

To this the Secretary answered that the law places a limitation upon the allowance to pay obligations for interest after March 2, 1919; that the Secretary conformed to this ruling in making his allowances; that his determination amounted to a finding of fact and not of law. The court below made an order dismissing the petition and from that order this appeal was taken.

We are not impressed with the contention that the ruling of the Secretary amounted merely to the determination of an issue of fact. The holding of the Secretary to the effect that allowance for interest was to stop as of the date of the passage of the 1919 act involved a legal construction of that act and the conclusion reached was a conclusion of law and not of fact. The matters of fact as to the obligations incurred in the prosecution of the enterprise under the war minerals act, and the determination of their allowance, disposed of all questions of fact. The only matter here for determination is the interpretation of the statute as to the allowance of interest on the obligations already ascertained to be allowable.

It is also insisted that the relator is asking the court to make an order requiring the Secretary of the Interior to do exactly what was embraced in the former order, namely, to adjust petitioner's claims in accordance with the order of the Supreme Court of the United States, and that nothing remained for the court below to do but to dismiss the case, an order, it is urged, from which no appeal lies to this court.

Section 5 of the 1919 Act (50 USCA § 80 note) authorized the Secretary of the Interior "to adjust, liquidate, and pay such net losses as have been suffered by any person, firm, or corporation, by reason of producing or preparing to produce, either manganese, chrome, pyrites, or tungsten in compliance with the request or demand of the Department of the Interior, the War Industries Board, the War Trade Board, the Shipping Board, or the Emergency Fleet Corporation." The act limits the Secretary to the allowance only of claims where the expenditures, need or obligations incurred were made in good faith, and that the moneys were invested or obligations were incurred between April 6, 1917, and November 12, 1918. Stress is placed upon the language of the act that the claims for money expended or for obligations incurred were in every instance referred to in the past tense, indicating, it is contended, an intention on the part of Congress to fix by the terms of this act a limitation upon the power of the Secretary to make allowances for any obligations arising or incurred beyond the date of the act. It is true that it placed a limitation upon the allowance of any claim that had not arisen or been incurred prior to the passage of the act, but it left open the adjustment of any claim which had been incurred but not paid or finally settled at the date of

the passage of the act. It did not enlarge the jurisdiction of the Secretary nor in any way change his power or authority in disposing of cases arising under the original act. It simply provided a remedy for the claimants by way of an appeal to the Supreme Court of the District of Columbia for a review of the Secretary's finding upon questions of law. The status of the claims, whether for principal or interest, remained the same as when the 1919 statute was enacted.

The jurisdiction conferred upon the Supreme Court of the District by the Act of February 13, 1929, is peculiar, in that it furnishes a remedy to the claimant to have the action of the Secretary of the Interior reviewed upon questions of law. It is in the nature of an appeal within those limitations and may be repeated as often as is necessary to secure compliance with the order of the court. The action is for a review and revision of the Secretary's finding on "any question of law which has arisen or which may hereafter arise" under the foregoing acts. The present action is to review such a finding. We think the case is clearly within the jurisdiction of the court as prescribed by the act.

It further appears as a matter of fact that the principal sum claimed by the relator had been borrowed and lost and had not been paid on March 2, 1919, and was not then due. Petitioner was obligated to pay the principal sum and this loss has been conceded by the Secretary to be a loss within the act. It is contended that petitioner was equally obligated on that date to pay the interest. Principal and interest together, it is urged, constituted in the aggregate relator's loss and what it had contracted to pay.

An examination of the statutes fails, in our opinion, to disclose any intention on the part of Congress to limit the recovery of interest paid or incurred on obligations allowable under the provisions of the 1919 act. This court in the Work Case, 54 App. D. C. 380, 298 F. 839, supra, construing the language of the 1919 act, held that interest paid or obligated to be paid constituted an element of the expenses incurred and allowable under the act. This holding was approved by this court in the later case of United States v.

Wilbur, supra. The Supreme Court affirming the latter opinion said: "The amount of interest that at the time of the passage of the Relief Act March 2, 1919, had been paid or incurred by relator for money borrowed and lost in producing and preparing to produce pyrites upon the specified conditions, is to be taken into account in determining the amount of its net loss as of that date. It constitutes a part of relator's expenditures and cost of the undertaking and so is within the terms of the section as amended."

It is urged that to allow interest on obligations that had been incurred but not paid at the date of the passage of the 1919 act would not constitute a final determination of "the amount of its net loss as of that date." We are not impressed with this contention. The amount of the principal sum being established as of that date, the interest payable thereon can be ascertained at the same time and readily computed at the time of final payment.

In the present case the principal sum was borrowed and lost and had not been paid on March 2, 1919, and was not then due. Relator, however, was under obligation to pay this principal sum, which is conceded to be a loss within the act, and he was likewise under obligation to pay the interest incurred in the creation of this obligation. In other words, relator was as much obligated on that date to pay the interest as it was to pay the principal. The aggregate of the two items at time of payment by the government constitute the net loss. If relator could not make claim for the interest because it was not payable at that time, then by analogous reasoning relator could not be compensated for the principal debt, which was not due and payable at that time. The justice and equity in the one case is equal and parallel to that in the other, and since the principal amount has been allowed and its allowance approved by the courts, we see no reason why a similar allowance should not be made for the interest incurred prior to the passage of the 1919 act and accrued at the time of the payment of the principal debt to relator by the government.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.