## COMPANIA MINERA DE JUTINICUM v. ICKES, Secretary of the Interior.
### No. 5766.

Court of Appeals of the District of Columbia.
Argued May 3, 1933.
Decided June 12, 1933.

G. L. Munter, of Washington, D. C., for appellant.

O. H. Graves, V. H. Wallace, and Charles Fahy, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia dismissing appellant's petition for a review of the decision of the Secretary of the Interior disallowing a claim for alleged losses sustained by appellant, a Cuban corporation, in the production of manganese from mines located in Cuba. The action was brought under the Act of Congress of February 13, 1929 (45 Stat. 1166).

It appears that on February 16, 1918, an agent of the Bureau of Mines and an agent of the Geological Survey requested claimant company, under authority of section 5 of the Act of Congress of March 2, 1919, 40 Stats. 1274 (see 50 USCA § 80 note), known as the War Minerals Relief Act, to produce manganese for the use of the United States in prosecuting the war against Germany. Section 5 provides in part as follows: "That the Secretary of the Interior be, and he hereby is, authorized to adjust, liquidate, and pay such net losses as have been suffered by any person, firm, or corporation, by reason of producing or preparing to produce, either manganese, chrome, pyrites, or tungsten in compliance with the request or demand of the Department of the Interior, the War Industries Board, the War Trade Board, the Shipping Board, or the Emergency Fleet Corporation to supply the needs of the Nation in the prosecution of the War."

The claim was presented to the War Minerals Relief Commission, and, after full hearing and complete finding of facts by the Commission, an award of $38,836.02 was recommended to the Secretary of the Interior for allowance. The Secretary disallowed the claim on two grounds: First, that an alien corporation was not entitled to reimbursement for net losses sustained under the provisions of the 1919 act; and, second, that there was no stimulation to produce manganese within the provisions of the act.

We are not in accord with either holding. The act broadly and without limitation or exception authorizes the bureaus therein named to demand or request the production of ores from "any person, firm, or corporation." Almost immediately after the declaration of war by the United States in April, 1917, Cuba, without any apparent provocation other than a duty it felt to become an ally of the United States, declared war against Germany. Prior to this, American companies had been acquiring large quantities of manganese from the mines in Cuba. It was a commodity common in trade between the two countries, due to the fact that the production in the United States was not sufficient to meet the war demands.

There is nothing in the act which restricts claimants thereunder to citizens of the United States. It broadly provides for compensation for net losses sustained by "any person, firm, or corporation" that may have been requested by the proper authorities of the United States to produce and furnish manganese. Nothing was more natural than that the United States should turn to the mines of Cuba for relief. They could be more readily reached and were nearer adjacent to the points where the supply was needed than the mines situated in many parts of the United States. Nor is there any express or implied restriction in the statute upon the right of an alien person, firm, or corporation to make claim for reimbursement for net losses sustained, or to bring an action in the Supreme Court of the District of Columbia, as was done in this case, for a review of the action of the Secretary of the Interior in disallowing the claim.

The holding of the Secretary that there was no stimulation within the purview of the statute, or legal request made upon appellant company, is without foundation. The statute authorizing request to be made is a

remedial act. Work v. U. S. ex rel. Chestatee Pyrites & Chemical Corporation, 54 App. D. C. 380, 383, 298 F. 839. It gave broad and sweeping power to the bureaus of the government to procure manganese wherever it could be found. Naturally the authorities of the government turned to Cuba, and through its proper officers made the legal request upon appellant company. The company complied with the request, and the government benefited from that compliance, accepted the ores, and used them in the same manner and to the same extent as it would have done in dealing with citizens of the United States. After compliance with the request on the part of appellant company, and the acceptance of the ore by the United States for use in prosecuting the war, it is not in good grace for the United States, through the Secretary of the Interior, to disallow this claim for net losses sustained, on the ground that there was no act of stimulation.

We agree with the findings of fact and the conclusions reached by the War Minerals Relief Commission; and that the award recommended by the Commission should have been approved by the Secretary of the Interior.

The decree is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.